BY THE COURT.
The incompetency of the witness does not *181 appear plain to us. He neither gains nor loses by the event of this suit. He may be sworn, and the point reserved to be discussed hereafter, if it be desired.
Riddle and Starr, for the plaintiff, argued to the jury.
Storer and Fox, for the defendant,
insisted that there was no proof of money paid by the plaintiff’s intestate to or for the defendant, or that the defendant had received any money for the intestate, as it did not appear that the goods were sold.
Proof was then introduced that the plaintiff’s intestate was security on a note of Marsh and Fobes, who were failing, and sent his agent to obtain indemnity. Marsh and Fobes agreed to turn out goods. The goods were laid off, and the agent was to call again in the morning, and measure and invoice them. In the morning he returned, and found the defendant with Marsh and Fobes,. and was told that they had made other arrangements; that Marsh and Fobes owed other debts, on which the defendant was security, and he thought he could do better by the goods, and would take the whole and pay the note on which Spencer was security, out of the first proceeds, as that was first due. Upon Brooks’ promise to that effect, and the understanding of all the parties, the goods were left with the defendant, and the note remained unpaid. Spencer was to pay it.
WRIGHT, J. to the jury. There is no proof that the plaintiff’s intestate paid money to or for the defendant, and therefore the plaintiff cannot recover on that account; but as to the other count for money had and received, the plaintiff can recover, if you are satisfied the goods were received by the defendant in the way stated, and have been since sold or disposed of. Without direct proof of the sale of the goods, you may infer the fact, if from all the circumstances it seems to you, either from the lapse of time, or from the omission by the defendant to prove that the goods remain on hand, a fact easy for him to prove, that the goods have been sold, or that so many of them have been sold as will pay the plaintiff.
Verdict for the plaintiff, $328.24.
New trial moved for and overruled, and judgment on the verdict.